In the Matter of Audrey F.
MOORE, Debtor.

Audrey F. MOORE, Plaintiff,

v.

HOUSEHOLD FINANCE
CORPORATION,
Defendant.

Bankruptcy No. 3–80–01106.
Adversary No. 3–80–0183.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Aug. 19, 1980.

R. L. Cousineau, Dayton, Ohio, for defendant.

Clifton E. Plattenburg, Kettering, Ohio, for plaintiff.

Eugene Jablinski, Dayton, Ohio, Trustee.

## DECISION AND ORDER

ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of the debtor's complaint to avoid a lien pursuant to 11 United States Code, Section 522(f)(2). The defendant, Household Finance Corporation, filed a motion to dismiss the plaintiff's complaint on the grounds that it failed to state a claim upon which relief can be granted. The following decision is based upon evidence adduced at the hearing of this matter on July 16, 1980 and the parties' post-trial briefs.

The plaintiff filed this action in order to avoid the defendant's nonpossessory, nonpurchase-money liens on her 1965 mobile home and 1972 Ford Pinto automobile. The defendant does not challenge the nature of these liens; however, it does contend that the items of exempt property covered by the liens are not of the type which § 522(f)(2) reaches.

11 U.S.C. § 522(f)(2) provides that,

the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled   .   .   . , if such lien is—

.        .        .        .        .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, corps. musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

The plaintiff contends that, since the subject items are held primarily for personal, family or household use, they fall within

the provisions and avoiding power of § 522(f)(2). The Court must deny this proposition. Debtor's Schedule B–4, property claimed as exempt, lists the debtor's 1965 mobile home as exempt to the amount of $5,000.00 under Ohio Revised Code § 2329.-66(A)(1), and $1,000.00 of her interest in a 1972 Pinto automobile as exempt under O.R.C. § 2329.66(A)(2). The cited statutes refer to the specific homestead exemption and the motor vehicle exemption respectively.

The debtor has cited no statutory provision or case precedent enabling her claimed exemptions to fall within the items listed in § 522(f)(2), and we are not aware of any section of the Code which so provides. We would hold, instead, that mobile homes now fall within the homestead exemption. See *In re Virgil*, CCH Bankruptcy Law Reporter, 4 B.R. 684, ¶ 65,060 (D.C. Idaho 1973) and Ohio Revised Code § 2329.66(A)(1) (defining the homestead exemption as "*one* parcel or *item of* real or *personal property* that the person . . . uses as a residence."). We find that the debtor cannot place the subject items within the homestead and motor vehicle exemption statutes for purposes of claiming large exemptions but, for purposes of avoiding a nonpossessory, nonpurchase-money lien, now try to fit these items within the purview of § 522(f)(2) by claiming they are held primarily for personal or family use. See *In re Apt, Jr.*, CCH Bankruptcy Law Reporter ¶ 67,336 (D.C. Pa. 1980).

The above theory is also espoused by Collier on Bankruptcy in its commentary to § 522(f)(2) stating that "liens that the debtor may avoid pursuant to subsection (f) include judicial, and nonpossessory, nonpurchase-money security interests in property that is allowed an exemption under sections 522(d)(3), (4), (6) and (9). Even if the debtor chooses the state exemptions, this avoiding power applies, but only to property that is exempt under state law that is of the same kind as the property allowed under those four paragraphs of section 522(d)." 3 *Colliers on Bankruptcy (15th Ed.) ¶ 522.29, at p. 522–68.* Comparing the debtor's mobile home and automobile to the provisions of § 522(d)(3), (4), (6) and (9), we find that the items are not of the same kind or even similar to those items listed in the above sections. The only possible manner by which the debtor could take advantage of the avoiding powers of § 522(f) would be if the debtor's automobile qualified as a tool of her trade. There is no evidence whatsoever indicating this is to be the case.

For the above reasons, it is *ORDERED, ADJUDGED AND DECREED* that the debtor's mobile home and automobile are not the type of exempt property subject to avoidance of certain liens under § 522(f)(2); it is further

*ORDERED, ADJUDGED AND DECREED* that the Household Finance Corporation's liens on the debtor's mobile home and automobile are good and valid liens to the extent that they do not impair the debtor's interest in said property as provided by § 522(f)(2)(A), (B) and (C).

Accordingly, the plaintiff's cause of action is dismissed pursuant to Federal Civil Rule of Procedure 12(b)(6).