**In re Eva June BOVA, Debtor.**

**Bankruptcy No. 82–03137 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 12, 1984.

K. Tucker Landon, Schuylkill County Legal Services, Pottsville, Pa., for debtor.

Frank J. Toole, Jr., Toole, Toole & Toole, Shenandoah, Pa., for Beneficial Consumer Discount Co.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The only issue before us is whether the Chapter 7 debtor may avoid, pursuant to section 522(f)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 522(f)(2)(A), the security interest of the Beneficial Consumer Discount Company ("Beneficial") in the debtor's house. For the following reasons, we shall deny the debtor's application to avoid Beneficial's security interest in her house.[1]

The debtor's house is a 2½ story frame row house which is located on land which the debtor has leased ever since she bought and moved into the house approximately 18 years ago. The debtor continues to reside in the house. The debtor admits that the house is physically attached to the land and could not possibly be considered a mobile home. Beneficial's indisputably perfected security interest in the house is a nonpossessory, nonpurchase-money security interest, which arose in connection with a loan agreement between Beneficial and the debtor.

The debtor claims that Beneficial's security interest in the house may be avoided because the house is a household good within the meaning of section 522(f)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 522(f)(2)(A), which states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ——...

> (2) a nonpossessory nonpurchase-money security interest in any ——
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; ....

The debtor argues that her house falls within the definition of "goods" under Pennsylvania's version of the Uniform Commercial Code, at 13 Pa. C.S.A. § 9105(a). The debtor then states that household goods are commonly defined as goods owned by the household for its personal use and that, under bankruptcy law, household goods are those items necessary to the functioning of the household, citing *In re Ruppe*, 3 B.R. 60 (Bankr.D.Colo. 1980). Because her house is clearly necessary to the functioning of her household, argues the debtor, the house should be considered a household good under § 522(f)(2)(A).

We find no indication in § 522 or its legislative history that Congress intended in § 522 to depart from the commonly accepted meaning of household goods, according to which a house physically attached to leased land would clearly not be considered to be a household good. Furthermore, the federal exemptions, which the debtor is utilizing in this case, are set forth in the various subparts of § 522(d) of the Bankruptcy Code. The exemption for real property or personal property used as a residence is set forth in § 522(d)(1). The exemption for household goods is contained in § 522(d)(3). Section 522(f)(2) encompasses four of the eleven subparts of § 522(d), including § 522(d)(3). However, § 522(f)(2) omits any reference to the § 522(d)(1) exemption for property used as a residence. Therefore, we find that Congress did not intend for liens against property used as a residence to be avoidable pursuant to § 522(f)(2). Our reasoning herein is consistent with the reasoning in *In re Abt*, 2 B.R. 323, 326 (Bankr.E.D.Pa.1980), in which the Court held that a lien against a motor vehicle could not be avoided under section 522(f)(2)(A), stating as follows:

> "It is abundantly clear to us that the specific inclusion of the debtor's interest in a motor vehicle in § 522(d)(2), and the omission of any mention of a motor vehicle in § 522(f) reflects the Congressional intent and negates the debtor's argument that his motor vehicle should be treated as part of his household goods.
>
> We therefore conclude that HFC's lien on the debtor's motor vehicle may not be avoided."

*Also see In re Redding*, 34 B.R. 971 (Bankr.M.D.Pa.1983).

Finally, we point out that the debtor's reliance on *In re Dipalma*, 24 B.R. 385 (Bankr.D.Mass.1982), is misplaced. In *Dipalma*, the Court held that a lien against the debtor's mobile home was avoidable under § 522(f)(2)(A). However, it was essential to the Court's holding that a great many of the debtor's household goods and furnishings were physically non-severable from the mobile home itself. In the present case, of course, the debtor's household goods and furnishings are not physically attached to her house, nor does the debtor contend otherwise. Therefore, *Dipalma* is inapposite to the present case.

For all of the foregoing reasons, the debtor's application to avoid Beneficial's security interest in her house shall be denied.