**In re Toni J. COONSE, Debtor.**

**Bankruptcy No. BK 89–40858.**

United States Bankruptcy Court,
S.D. Illinois.

Dec. 20, 1989.

Stephen Mentes, Harrisburg, Ill., for debtor.

Terry Sharp, Mt. Vernon, Ill., for bank.

---

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Debtor, Toni J. Coonse, has filed a motion under 11 U.S.C. § 522(f)(2)(A) to avoid a nonpossessory nonpurchase-money security interest held by defendant, Gallatin County State Bank ("Bank"), on a mobile home used by debtor as a residence. In her Chapter 7 bankruptcy petition, debtor claimed a homestead exemption in the mobile home under Illinois law, which provides for an exemption of homestead in "personal property ... occupied ... as a residence." Ill.Rev.Stat., ch. 110, par. 12–901 (1989).

In seeking to avoid the Bank's lien, debtor asserts that a mobile home, like the various items contained in it, constitutes "household goods" for which lien avoidance is available under section 522(f)(2)(A). That section allows a debtor to avoid the fixing of a lien on property to the extent the lien impairs an exemption to which the debtor would have been entitled, if such lien is a nonpossessory, nonpurchase-money security interest in

> (A) household furnishings, *household goods*, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor.

11 U.S.C. § 522(f)(2)(A) (emphasis added).

The property listed in subsection (A) is that for which an exemption is allowed under sections 522(d)(3) and 522(d)(4) of the federal exemptions.[1] A specific homestead exemption for "personal property [used by the debtor] as a residence" is provided in section 522(d)(1). 11 U.S.C. § 522(d)(1). Section 522(f)(2)(A), however, makes no mention of personal property used as a residence in listing those items for which

the avoiding power of section 522(f) applies.

. The specific inclusion of a homestead exemption for personal property used as a residence in section 522(d)(1) and the omission of any mention of such property in section 522(f) evidences a legislative intent that property qualifying for the homestead exemption of section 522(d)(1) not be included in that subject to debtor's avoiding power under section 522(f). *In re Snyder*, 67 B.R. 872 (Bankr.W.D.Pa.1986); *In re Bova*, 44 B.R. 938 (Bankr.E.D.Pa.1984); *In re Moore*, 5 B.R. 669 (Bankr.S.D.Ohio 1980). The Illinois exemption statute, applicable to the present case under the "opt out" provision of section 522(b)(1), likewise contains a specific homestead exemption for personal property used as a residence. Because of this similarity and the previously stated rule of statutory construction, the Court finds that debtor's mobile home, which qualifies for a homestead exemption under Illinois law, is not eligible for lien avoidance as a "household good" under section 522(f)(2)(A).

Debtor urges the Court to follow *In re Dipalma*, 24 B.R. 385 (Bankr.D.Mass. 1982), in which the debtors were allowed to exempt their mobile home as "household goods and furnishings" under section 522(f)(2)(A) after the lien on the mobile home had been avoided by the trustee as unperfected. See 11 U.S.C. §§ 522(i)(2), 522(g)(2). The *Dipalma* case presents a different issue and different facts than in the case at bar. *Cf. In re Snyder: Dipalma* does not require the voiding of a lien which is valid and perfected.

However, even if this Court were to find the *Dipalma* case persuasive on the issue of whether a mobile home comes within the definition of "household goods," the court in *Dipalma* expressly stated that a debtor is not able to categorize an item of property for one purpose under one section of

---

1. Sections 522(d)(3) and (4) provide for exemptions in:

    (3) The debtor's interest ... in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

    (4) The debtor's aggregate interest ... in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

    11 U.S.C. §§ 522(d)(3), 522(d)(4).

522(d) and for lien avoidance purposes under another.

*Id.* at 389. While the debtors in *Dipalma* did not claim a homestead exemption in their mobile home, debtor in the instant case has characterized her mobile home as homestead property for the purpose of claiming Illinois' homestead exemption. Thus, even under the *Dipalma* court's interpretation, debtor would be precluded from now classifying the mobile home as "household goods" for lien avoidance purposes. *See also Matter of Dettman,* 96 B.R. 899 (Bankr.S.D.Iowa 1988): debtor who exempted mobile home under Iowa homestead provision may not avoid lien under section 522(f); *Matter of Moore,* 5 B.R. 669 (Bankr.S.D.Ohio 1980): debtor cannot place item within homestead exemption statute for purpose of claiming large exemption but for purpose of avoiding lien try to fit that item within section 522(f)(2) by claiming it is held primarily for personal or family use.

Debtor's mobile home does not constitute property on which debtor may avoid a non-possessory, nonpurchase-money security interest under section 522(f)(2)(A). Accordingly, debtor's motion to avoid the Bank's lien on the mobile home will be denied.

IT IS ORDERED that debtor's motion to avoid the lien of Gallatin County State Bank on her mobile home is DENIED.