**In re Carolyn S. GOAD, Route 1, Box 326–A, Dugspur, VA 24325, Debtor.**

**Carolyn S. GOAD, Movant,**

v.

**PATRICK HENRY NATIONAL BANK, et al., Respondents.**

**Bankruptcy No. 7–91–01900–HPA–7. Motion No. 1.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Nov. 17, 1993.

Barry L. Proctor, Abingdon, VA, for debtor.

Howard J. Beck, Jr., Gentry, Locke, Rakes & Moore, Roanoke, VA, for Patrick Henry National Bank/Creditor.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This matter is before the Court on a Motion by Carolyn S. Goad ("Debtor") to avoid a nonpurchase-money lien held by Patrick Henry National Bank ("Creditor") on a 1971 mobile home. The Debtor's Motion is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(K) and 1334(b). Because Creditor's lien is a nonpossessory, nonpurchase-money security interest that impairs an exemption to which Debtor would have been entitled, Debtor's Motion is granted and Creditor's nonpurchase-money lien is hereby avoided.

On July 24, 1991, Debtor filed her Chapter 13 petition for relief under 11 U.S.C. § 1301, *et seq.*, and subsequently converted her case to Chapter 7 on July 30, 1992. Prior to filing her petition, Debtor had executed an installment note on January 14, 1991 payable to Creditor in the amount of $5,438.88.[1] Debtor gave a security interest in a 1984 Pontiac 6000 automobile and a 1971 Blue Ridge mobile home. Both the automobile and mobile home were owned by the Debtor prior to the execution of the installment note and thus the security interest of the bank is nonpurchase-money. The Debtor surrendered the automobile to the Creditor, thus making the payoff deficiency for the installment note $2,433.57 as of December 28, 1992. The Debtor properly recorded a homestead exemption deed in the Circuit Court Clerk's office of Carroll County, Virginia in which she claimed as exempt her interest in the 1971 Blue Ridge mobile home in the amount of $2,000.00. The treasurer for Carroll County, Virginia has assigned the value of $2,000.00 to the mobile home for tangible personal property tax purposes, which value has been accepted herein, and the parties have stipulated that the mobile home is still

---

1. The parties filed a Stipulation of Facts on January 14, 1993 agreeing to the facts recited in this opinion.

titled and under applicable state law is considered personalty. Debtor claims that the nonpurchase-money security interest held by Creditor impairs an exemption to which she is entitled under Virginia Code Ann. § 34.-4 (Michie 1950, as amended) and thus the Creditor's lien should be avoided pursuant to 11 U.S.C. § 522(f).

■ As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 560, 35 S.Ct. 287, 288, 59 L.Ed. 717, 719 (1915); *Roberts v. W.P. Ford & Son Inc.,* 169 F.2d 151, 152 (4th Cir.1948) (citing *Johnston v. Johnston,* 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel,* 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner,* 498 U.S. 279, 285–88, 111 S.Ct. 654, 658–60, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt,* 292 U.S. at 244, 54 S.Ct. at 699; *Johnston v. Johnston,* 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper,* 26 F.2d 585, 587 (4th Cir.1928).

■ Aiding the debtor in this "fresh start," the Bankruptcy Code provides that the debtor may exempt certain property from the estate under 11 U.S.C. § 522. This provision of the Bankruptcy Code also grants the states the right to opt out of the federal exemption scheme and Virginia has done so. *See* Virginia Code Ann. § 34–3.1 (Michie 1950, as amended). The same rule of liberally construing a remedial statute, like the ones at issue here, in favor of the debtor is recognized in Virginia as it pertains to the Virginia exemption statutes. *In re Smith,* 22 B.R. 866, 867 (Bankr.E.D.Va.1982) (citing *Home Owners Loan Corporation v. Reese,* 170 Va. 275, 196 S.E. 625, 626 (1938)); *Dickens v. Snellings (In re Snellings),* 10 B.R. 949, 951 (Bankr.W.D.Va.1981), (citing *Wilkinson v. Merrill,* 87 Va. 513, 12 S.E. 1015 (1891) and *Linkenhoker's Heirs v. Detrick,* 81 Va. 44 (1885)); *Goldburg v. Salyer,* 188 Va. 573, 50 S.E.2d 272, 274 (1948). The Court is mindful that, in construing the provisions which govern here, *supra,* it must "neither reduce nor enlarge the exemptions or read into the law an exemption not found there." *Goldburg,* 50 S.E.2d at 277. Nevertheless, the Court also recognizes and agrees with the corollary principle that "any ambiguities found in state exemption laws must be resolved in favor of debtors." *In re Redmon,* 31 B.R. 756, 759 (Bankr.E.D.Va. 1983) (citations omitted).

■ Section 522(f) of Title 11 of the United States Code provides that a debtor may avoid a nonpossessory, nonpurchase-money security interest if such lien impairs an exemption to which the debtor would have been entitled. This section was drafted to protect a debtor's exemptions. 2C Michie's Jurisprudence *Bankruptcy* § 59 (1992). The Supreme Court construed 11 U.S.C. § 522(f) in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) and held that if a lien impairs an exemption to which the debtor would have been entitled but for the lien itself, then the lien should be avoided. The Fourth Circuit relied on *Owen* in *In re Opperman,* 943 F.2d 441 (4th Cir.1991), and held that, under § 522(f), a lien may be avoided if it impairs the debtor's exemption, either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme. Even though Virginia has opted out of the federal exemptions and has substituted its own exemption plan, a Virginia debtor nonetheless is empowered, pursuant to federal law, to avoid judicial liens and nonpossessory, nonpurchase-money security interests in certain goods to the extent of the exemptions allowed under state law. *O'Malley v. Rapidan River Farm,* 24 B.R. 900, 903 (E.D.Va.1982). The power to avoid those interests contained in § 522(f) operates independently of a state's choice regarding its exemption scheme. *Id.; See also, 3 Collier on Bankruptcy* § 522.29(1) (15th ed. 1979). Because the parties in the present case have

stipulated that Creditor holds a nonpossessory, nonpurchase-money lien on Debtor's mobile home, thus placing the lien within the realm of § 522(f), the only issue before the Court is whether Creditor's lien impairs an exemption to which Debtor would have been entitled under Virginia law.

Title 34 of the Virginia Code sets out the exemptions which a debtor in Virginia can claim. Under the homestead exemption found in § 34–4, a householder can claim exempt from creditor process arising out of a debt, real and personal property, or either, including money and debts due the householder not exceeding $5,000.00 in value. Virginia Code Ann. § 34–4 (Michie 1950, as amended). In order to secure the benefit of an exemption of personal property under § 34–4, the householder must file a homestead deed in the county or city where such householder resides. Virginia Code Ann. § 34–14 (Michie 1950, as amended).

 Both the Virginia case law and § 34–4 are silent as to whether a mobile home is subject to Virginia's homestead exemption laws. In fact, § 34–4 does not specifically exclude a mobile home and the only limitation contained in this section is the $5,000.00 limit in value for the real or personal property claimed exempt. The only explicit limitations on § 34–4 can be found in § 34–5. That section prohibits exemptions to be claimed for spousal or child support obligations and for purchase-money debts. Virginia Code Ann. § 34–5 (Michie 1950, as amended). The manifest purpose of the homestead exemption laws is to secure the family a home. *Murphy v. City of Richmond*, 111 Va. 459, 69 S.E. 442 (1910). In light of this fact, together with the lack of limitations on § 34–4, Virginia's homestead exemption laws must also apply to mobile homes.

In the present case, Creditor's lien is a nonpurchase-money security interest, thus the limitation on purchase-money debts found in § 34–5 does not apply. Debtor filed a homestead deed exempting the $2,000.00 value of the mobile home, thereby complying with Virginia's homestead exemption laws and within the requisite $5,000.00 limit found in § 34–4. Thus, but for Creditor's lien,

Debtor would be entitled to exempt the mobile home under Virginia homestead exemption laws. Therefore, because Creditor's lien is a nonpossessory, nonpurchase-money security interest which impairs the exemption to which Debtor would have been entitled under Virginia Code § 34–4 and in light of 11 U.S.C. § 522(f) and the Supreme Court's ruling in *Owen*, Debtor's Motion is granted and Creditor's lien is hereby avoided. SO ORDERED.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor; counsel for Debtor; counsel for Patrick Henry National Bank/Creditor; Trustee; and U.S. Trustee.