**In re Dennis Francis KEMPER,**

**Mary Frances Kemper, Debtors.**

**Bankruptcy No. 98–03014–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 30, 1998.

Christopher H. Morrison, Baldwin & Morrison, P.A., Fern Park, FL, for movant.

Richard J. Osterndorf, Osterndorf & Associates, P.A., Daytona Beach, FL for debtors.

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Dennis and Mary Kemper's ("Debtors") Motion to Avoid Lien and Liberty National Bank's ("LNB") Motion for Relief from Stay. After a hearing on August 26, 1998, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. In September 1994, Debtors executed and delivered a lien interest in their homestead to secure a personal guarantee for a loan made by LNB to Grau–Kemper Enterprises, Inc. (the Debtors' corporation).

2. On April 17, 1998, Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

3. On May 1, 1998, LNB filed a Motion for Relief from Stay to pursue its lien rights on Debtors' homestead property.

4. Debtors subsequently filed a Motion for Order to Avoid Lien on Exempt Property in order to have LNB's lien on their homestead removed under 11 U.S.C. § 522(f).

### CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. § 522(f), a debtor may avoid certain liens on exempt property. Section 522(f)(1) provides, in relevant part:

the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—

(A) a judicial lien, . . . .

(B) a nonpossessory, nonpurchase-money security interest in any—

(i) household furnishings, household goods ... that are held primarily for the personal, family, or household use of the debtor or a dependent.

11 U.S.C § 522(f)(1) (1997). Thus, this statute allows a debtor the to avoid either a judicial lien, or a nonpossessory, nonpurchase-money security interest in household goods, if the debtor has an interest in the property subject to the lien and if lien impairs the debtor's exemption.

▪ In their Motion to Avoid Lien, Debtors argue that their discharge, which they received on August 7, 1998, extinguished LNB's lien.[1] However, under § 522(c) property remains liable for a debt secured by a lien that is not avoided under § 522(f). 11 U.S.C. § 522(c)(2)(A)(i) (1997); *Lellock v. Prudential Ins.*, 811 F.2d 186, 188 (3rd Cir.1987); *Chandler Bank of Lyons v. Ray*, 804 F.2d 577, 579 (10th Cir.1986); *Bouchelle v. Southeast Bank of Perry*, 98 B.R. 81, 82 (Bankr.M.D.Fla.1989); *In re Weathers*, 15 B.R. 945, 949 (Bankr.D.Kan. 1981). The legislative comments which accompany § 522(c) provide: "The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) [6 S.Ct. 917, 29 L.Ed. 1004], is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property." H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), *reprinted in* 1978 U.S.C.C.A.N 5862, 6317. Thus, LNB's lien on Debtors' homestead property remains in effect unless it can be avoided.

▪ Debtors further argue that should the Court fail to avoid LNB's lien, the Debtors' rehabilitation will be frustrated. While the purpose behind § 522(f)(1) is to give debtors a fresh start, the Debtors must prove that § 522(f)(1) applies to LNB's lien in order for the Court to avoid the lien. A

---

1. Debtors also spend a significant amount of time arguing that the property in question is the debtors' homestead. However, since LNB concedes that the property is homestead property, the Court will not address this issue.

lien will be avoided under § 522(f) when there is a judicial lien (not subject to one of the exceptions provided in this subsection), or when there is a nonpossessory, nonpurchase-money security interest in household goods, goods used in debtor's trade; or professionally prescribed health aids for the debtor or a dependent of the debtor. 11 U.S.C. § 522(f)(1) (1997). Section 522(f)(1)(A) only allows a debtor to avoid judicial liens, and § 522(f)(1)(B) only allows a debtor to avoid liens on property that is specified in that subsection. *In re Villa,* 74 B.R. 497, 499 (Bankr.D.Mont.1987). The Court cannot avoid a lien that is not described in § 522(f)(1), even if such a lien would frustrate the Debtors' rehabilitation.

Although Debtors did not specifically address whether LNB's lien on Debtors' homestead property could be avoided pursuant to § 522(f)(1), the Court will consider the issue. In September 1994, Debtors granted LNB the lien interest that is the subject of the current motions. The Debtors executed this lien as a personal guarantee on a loan between LNB and Debtors' business. Since Debtors gave the lien voluntarily, the lien must be classified as a consensual lien.

■ Section 522(f)(1)(A) only provides a debtor with the power to avoid judicial liens "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section". 11 U.S.C. § 522(f)(1)(A) (1997). A judicial lien is defined by the Code as "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding". 11 U.S.C. § 101(36) (1997). In order for a debtor to avoid a lien pursuant to § 522(f)(1), a debtor must show that the lien is a judicial lien that fixed on an interest of the debtor in property and impairs the debtor's exemption. *In re Wilbur,* 217 B.R. 314, 316 (Bankr.M.D.Fla.1998). Consensual liens are not judicial liens, and thus cannot be avoided pursuant to § 522(f)(1). *In re Gelletich,* 167 B.R. 370, 380 (Bankr.E.D.Pa.1994) (citing *In re Aikens* 87 B.R. 350, 353 (Bankr. E.D.Pa.1988)). LNB holds a consensual lien on Debtors' homestead, and, therefore, Debtors cannot meet the requirements of § 522(f)(1)(A). Consequently, the Court

finds that Debtors may not avoid LNB's lien under § 522(f)(1)(A).

■ Debtors' main argument is that they may avoid LNB's lien pursuant to § 522(f)(1)(B) because LNB's lien is a nonpossessory, nonpurchase-money security interest. Section 522(f)(1)(B) allows Debtors to avoid any nonpossessory, nonpurchase-money security interest in property described in that subsection. In order for the Court to determine that § 522(f)(1)(B) applies to the debtors' property, this Court would have to conclude that Congress intended to include homestead property in the property protected by part (i) of this subsection. The property described in part (i), however, does not include real property. 11 U.S.C. § 522(f)(1)(B)(i) (1997). Only personal property is described in part (i), including "household goods ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor". 11 U.S.C. § 522(f)(1)(B)(i) (1997).

Homestead property is not a household good as described in § 522(f)(1)(B)(i). Courts tend to hold that liens on homesteads and other real property are not avoidable under § 522(f)(1)(B)(i). *See In re Clark,* 217 B.R. 177, 180 (Bankr.E.D.Va.1998) (holding consensual security interest in real estate cannot be avoided under § 522(f)); *In re Coonse,* 108 B.R. 661, 662 (Bankr.S.D.Ill. 1989) (nonpossessory, nonpurchase-money security interest on mobile home used as debtor's residence could not be avoided as a household good under § 522(f)(1)(B)(i)); *In re Snyder,* 67 B.R. 872, 875 (Bankr.W.D.Pa. 1986) (mobile home was not a household good under § 522(f)(1)(B)(i)); *In re Bova,* 44 B.R. 938, 939 (Bankr.E.D.Pa.1984) (holding nonpossessory, nonpurchase-money security interests on property used as a residence, a mobile home, were not avoidable under § 522(f)(1)(B)). *But see In re Dipalma,* 24 B.R. 385, 390 (Bankr.D.Mass.1982) (debtor's residence, a mobile home, was a household good under § 522(f)(1)(B)(i) even though such a right is not conferred on debtors whose residence is considered real property); *In re Goad,* 161 B.R. 161, 163 (Bankr. W.D.Va.1993) (lien on debtors' residence, a mobile home, avoided pursuant to

§ 522(f)(1)(B)(i)). This Court finds that a homestead cannot be classified as a household good under § 522(f)(1)(B)(i), and therefore, Debtors may not avoid LNB's lien under § 522(f)(1)(B)(i).

## CONCLUSION

For the reasons stated above, the Court concludes that LNB's lien on Debtors' homestead property is a consensual lien, and that homestead property is not included under the avoiding powers of § 522(f)(1)(B)(i). Therefore, Debtors may not avoid LNB's lien on their homestead property, and LNB's Motion for Relief from Stay is granted. Separate Orders will be entered in accordance with these Findings of Fact and Conclusions of Law.