**In re Jack ROGERS and Sheryl Rogers, Debtors.**

**Bankruptcy No. 98–02059.**

United States Bankruptcy Court, D. Idaho.

Oct. 9, 1998.

## SUMMARY ORDER

TERRY L. MYERS, Bankruptcy Judge.

This matter is before the Court upon the Motion of the Debtors brought under § 522(f)(1) seeking to avoid the lien of Equifax Risk Management (Creditor). The matter was submitted upon the Debtors' Motion and Notice to the Creditor of an opportunity to request a hearing. *See* § 102(1). The Creditor has not filed a response. Despite the lack of contest by the Creditor, the Court is still under an obligation to determine that

---

the relief sought is appropriate based upon the record presented. The Court file reflects the following.

The Debtors reside in a mobile home located in a rented "space" in Caldwell, Idaho. The Debtors list the mobile home on their Schedule B (personal property). The Debtors claim no interest in the mobile home or in any real property on their Schedule A (real property). The Debtors have, however, claimed the mobile home on their Schedule C as exempt pursuant to Idaho Code § 55–1001 *et. seq.* (the Idaho homestead statutes).

The Debtors' Motion specifically asserts that Creditor's lien is a "nonpossessory, nonpurchase money security interest" and that it impairs the Debtors' exemption under "Idaho Code § 11–605(1)(a)." That statute, of course, provides for personal property exemptions under Idaho law. This allegation in the Motion is obviously contrary to the Debtors' own exemption schedules which claim, regarding the mobile home, the benefit of the real property homestead exemption rather than personal property exemptions in § 11–605.

Section 522(f)(1) allows Debtors to avoid certain (but not all) liens which impair exemptions. To be avoidable, the liens must be (A) judicial liens or (B) nonpossessory, nonpurchase money security interests in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments or jewelry held primary for personal, family or household use; or implements, professional books or tools of the trade; or professionally prescribed health aids. *See,* Sections 522(f)(1)(A), and 522(f)(1)(B)(i) through (iii).

Bankruptcy case law in this District has long recognized an ability to claim a homestead exemption in mobile homes (and the Idaho Legislature has agreed in amended Idaho Code § 55–1001). However, the subject lien is, by Debtors' admission, not a judicial lien, and § 522(f)(1)(A) is thus inapplicable even if the lien impairs the Debtors' homestead exemption.

Further, a mobile home does not fall within the categories of personal property described in either Idaho Code § 11–605 or

in the subparts to § 522(f)(1)(B) which govern avoidance of nonpossessory, nonpurchase money security interests.

Based upon the foregoing, the Motion of the Debtors seeking to avoid the lien of Equifax Risk Management is DENIED.