In re Joyce Ann HOSS, Debtor.

**American General Finance, Inc., Appellant,**

v.

**Joyce Ann Hoss, Appellee.**

No. Civ.A. 98–0201–A.

United States District Court, W.D. Virginia, Abingdon Division.

April 28, 1999.

David J. Hutton, Abingdon, VA, for plaintiff.

Robert Edward Wick, Jr., Bristol, VA, for defendants.

### MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

#### I. Introduction

This case is before the court on appeal from the decision of the United States Bankruptcy Court for the Western District of Virginia (hereinafter, "Bankruptcy Court"). The Appellant, American General, contends that the Bankruptcy Court erred in holding that Debtor could avoid a non-possessory, non-purchase money security interest in her mobile home. Appellant contends that its lien was unavoidable. This court exercises appellate jurisdiction in this matter pursuant to 28 U.S.C. § 158(a), and finds that the Bankruptcy Court did so err, and thus reverses and remands this case to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion.

#### II. Standard of Review and Facts of the Case

■ In reviewing the decision of the Bankruptcy Court, this court uses two standards of review. The court reviews all factual findings of the Bankruptcy Court under the "clear error" standard. *De novo* review is exercised as to matters of law. *In re Bullion Hollow Enterprises, Inc.*, 185 B.R. 726 (W.D.Va.1995) (citing *In re Midway Partners*, 995 F.2d 490, 493 (4th Cir.1993)). The facts of this case were stipulated at a hearing before Bankruptcy Court Judge Clyde Pearson.

Debtor filed a Chapter 7 petition in December 1997. Some three years prior to that filing, she entered into a transaction with Appellant, granting American General a non-possessory, non-purchase money security interest in her 1974 mobile home and other personal property, executing a note in the amount of $5,026.18. Issues concerning the other personal property have already been resolved by the parties. The outstanding balance on the loan from American General is $5,302.42, but the mobile home is worth less than that amount. Debtor filed a homestead deed in the amount of $4,000.00. Debtor also alleges that more that half of the money received under the loan from American General was used to pay an antecedent debt.

IV. Legal Discussion

■ Valid liens generally pass through bankruptcy and are unaffected by a debtor's discharge. *In re Clark*, 217 B.R. 177, 178 (Bankr.E.D.Va.1998) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 81–83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)). However, some liens may be avoided by the debtor under certain provisions of the Bankruptcy Code. *In re Clark*, 217 B.R. at 178.

The Bankruptcy Court concluded that the lien on the mobile home could be avoided under 11 U.S.C. § 522(f)(1). That portion of the Bankruptcy Code permits the avoidance of certain liens which would impair an exemption to which a debtor is entitled pursuant to § 522(b). Under that part of the Bankruptcy Code, a debtor may claim certain exemptions provided by state law. Section 34–4 of the Code of Virginia (Michie 1996) permits a debtor householder to exempt up to $5,000.00 of property as a homestead exemption. The $4,000 homestead deed filed by Hoss qualifies for this exemption in the instant case. Property claimed as exempt pursuant to the provisions of § 522(b) is not liable for any debt of the debtor which arose before the commencement of a bankruptcy case, unless one of a variety of criteria are met. § 522(c). Section 522(c)(2)(A)(i) provides an exception relevant to this discussion which allows such exempted property to remain liable for the preexisting debts of a debtor if the debt is secured by a lien which cannot be avoided under § 522(f).

■ Section 522(f)(1)(B)(i) provides, in pertinent part, for avoidance of non-possessory, non-purchase money security interests on "household furnishings [or] household goods . . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." The parties stipulated that the security interest held by Appellant was a non-possessory, non-purchase money security interest. Citing its prior decision in *In re Goad*, 161 B.R. 161, 164 (Bankr. W.D.Va.1993), the Bankruptcy Court implicitly found that a mobile home is either a household furnishing or good under § 522(f)(1)(B)(i).[1]

■ However, a mobile home is in no manner a household good or furnishing, as required under that subsection.[2] Neither of those terms are defined by the Bankruptcy Code. The Fourth Circuit has explained that "household goods" under that subsection "are those items of personal property that are typically found in or around the home and are used by the debtor or his dependents to support and facilitate day-to-day living within the home. . . ." *McGreevy v. ITT Financial Services*, 955 F.2d 957, 961–62 (4th Cir. 1992). It is clear to this court that a mobile home is virtually incapable of itself being contained within a home. In addition, a mobile home is not the type of thing used "around the home" which "facilitates . . . living within the home."

The court has examined several cases from across the country dealing with this same issue and has discovered only one other court which has agreed with the Bankruptcy Court that a mobile home is a household good. *See In re Dipalma*, 24 B.R. 385, 390–91 (Bankr.D.Mass.1982) (holding that a mobile home constitutes a household furnishing or good because many such goods and furnishings are affixed to the body of the trailer). The majority of the cases, and the better reasoned decisions, answer that question in

---

1. The Bankruptcy Court merely stated that the stipulation as to the nature of the security interest "thus plac[ed] the lien within the realm of § 522(f)." *In re Hoss*, No. 7–97–04790–HPA–7, slip. op. at 3 (Bankr.W.D.Va. Oct. 28, 1998). In *Goad*, the Bankruptcy Court did not undertake any analysis of whether a mobile home was a household

good or furnishing but simply concluded that § 522(f) was applicable. 161 B.R. at 164.

2. There is no allegation that the requirements of either § 522(f)(1)(B)(ii) or (iii) are met, and thus the court does not consider either of these sections in this opinion.

the negative. *See Clark*, 217 B.R. at 180 (deciding the question in the negative and collecting several cases deciding the same); *In re Rogers*, 225 B.R. 755, 756 (Bankr.D.Idaho 1998); *In re Dettman*, 96 B.R. 899, 900 (Bankr.S.D.Iowa 1988); *Matter of Moore*, 5 B.R. 669 (Bankr. S.D.Ohio 1980). Thus, the court concludes that the Bankruptcy Court improperly applied § 522(f) and that a proper application of that subsection results in the lien in question being unavoidable. *Goad* is overruled in this district and is no longer good law before this court.

Although the Bankruptcy Court rested its decision solely on the above-stated grounds, which this court believes to have been in error, Debtor raised an additional justification for the avoidance of the lien on the mobile home at oral argument. The court will now address the avoidability of the lien as an antecedent debt under § 547(b)(2).

 Debtor relies upon § 522(c)(2)(A)(i), which contains an exception in addition to the one discussed above, providing that debt secured by a lien is still liable for prior debts of the debtor despite the exemption of such debt by the debtor unless the lien is avoided under § 547. Section 547 is intended to allow a trustee to avoid preferential transfers where five requirements are met. The antecedent debt requirement of § 547(b)(2) is but one of these requirements. Debtor has alleged that more than half the money she received from Appellant in 1994 went to pay off an antecedent debt. Even if this is so, Debtor has presented no evidence to show that she fulfills any of the remaining four requirements of §§ 547(b)(1), (3), (4) and (5). In fact, § 547(b)(4) requires that any transfer to be avoided under § 547 must have been made within 90 days of the filing of the bankruptcy petition, unless the creditor to whom the transfer was made was an insider. In this case, there is no allegation that Appellant was an insider, and the parties have stipulated to the fact that approxi-mately three years passed between the completion of the financing transaction between Appellant and Debtor, and the filing of Debtor's petition. Thus, § 547(b)(4) is not met in this case and Debtor cannot take advantage of its protections to avoid the lien on her mobile home.

## V. Conclusion

For the reasons stated in this Memorandum Opinion, Debtor is not entitled to avoid the lien which American General holds on her mobile home. Thus the lien should pass unscathed through this bankruptcy proceeding.