6 S.Ct. 917
 117 U.S. 617
 29 L.Ed. 1004
 LONG and Wife
v.
BULLARD.
 Filed April 12, 1886.
 
 R. F. Lyon and
 The material facts appearing in this record are as follows: In the month of December, 1869, parts of lots 5 and 6, in square 90, in the city of Macon, were set off under the laws of Georgia to Betsey A. Long, the wife of Francis M. Long, as a homestead. The property was at the time incumbered by a mortgage made by Francis M. Long to the Ocmulgee Building Association. Proceedings were afterwards had to foreclose this mortgage, and to save the property from sale Francis M. Long applied to Daniel Bullard for a loan of money. This loan was made at usurious interest, and Long and his wife executed to Bullard their joint note, dated November 18, 1872, for $1,220, payable 12 months after date, and conveyed to him the homestead property by a deed absolute on its face as security. On the twenty-ninth of May, 1873, Francis M. Long was adjudged a bankrupt, and on the fifteenth of April, 1874, he received his discharge. In his schedules the debt to Bullard, with its security on the homestead premises, was duly entered. On the twenty-eighth of June, 1873, the same premises were set apart to the bankrupt to be retained by him under the bankrupt law as being exempt under the state law from levy and said upon execution. Bullard did not prove his debt in the bankrupt proceedings. On the ninth of February, 1878, Bullard brought suit in the superior court of Bibb county, Georgia, to subject the property to the payment of his debt. In his bill he alleged that the money he loaned was used to pay off the prior incumbrance on the homestead, and he claimed a valid lien on that account. He also set forth the bankruptcy of Francis M. Long, and the assignment of the property to him under the bankrupt law as a homestead. Long and his wife in their answer stated that the deed to Bullard was void for usury in the debt for which it was given as security; that only $727.94 of the amount actually lent by Bullard was used to pay off the prior incumbrance; that the money was lent to the husband, and not to the wife; and that the husband had been discharged in bankruptcy. Upon these facts it was insisted that the homestead rights of Mrs. Long and her children were superior to the claim of Bullard under his conveyance, and that the property could not be sold to pay him.
 Upon the trial the court charged the jury, in substance, that there could be no personal recovery against the husband upon the note, but that the property could be subjected to the payment of the amount due, as the discharge of Long in bankruptcy did not release the lien of the mortgage. This was excepted to by the Longs. A verdict was returned in favor of Bullard for the amount of money actually lent, excluding the usurious interest. Thereupon the Longs moved for a new trial on the ground, among others, of error in the instructions to the jury as to the effect of the discharge in bankruptcy. This motion was granted, but only because the property was subjected to the payment of a larger sum than was used to pay off the prior incumbrance. From the order granting a new trial Bullard took a writ of error to the supreme court, where it was adjudged, April 19, 1882, that the judgment of the superior court granting the new trial be affirmed, 'unless the plaintiff in error will write off from his verdict in the court below the sum of three hundred collars.' The only question decided on this writ of error, as shown by the opinion, were such as related to the right of Bullard to recover the full amount of his loan, instead of the amount used to pay off the incumbrance on the homestead.
 When the case got back to the trial court, the specified amount was 'written off,' and a decree entered accordingly for a sale of the property to pay what remained due according to the verdict as reduced. Francis M. Long thereupon excepted to the decree, among other things, because the property ordered to be sold 'constitutes and is his homestead, exempted, set apart, and secured to him by the bankrupt court of the United States, * * * in a bankruptcy proceeding in that court, * * * as against this said debt of complainant's, and all others of said defendant them existing; * * * said homestead being set apart, allowed, and secured to the defendant, then bankrupt, under and by virtue of section 5045 of the Revised Statutes, * * * and which said exemption was valid against said debt of said complainant under and by virtue of said act of congress, and said part of said decree charging said exemption with the payment of said debt of complainant's and directing a sile * * * is in contravention and in violation of that act of congress;' and because the decree charging the property with the debt 'is in violation of his discharge in bankruptcy, as shown in the record and proceedings in this cause, and his rights under the same as declared by and set out in section 5119 of the Revised Statutes; * * * and is in conflict with and in derogation of that act of congress.' Another writ of error from the supreme court was thereupon sued out by Francis M. Long and Betsey A. Long, but the court being of the opinion 'that the judgment pronounced in this case when it was here at the last term was conclusive on the questions there presented, and that the decree in the court below now excepted to was in conformity with that judgment, and that a failure on the part of Long and wife to except to the overruling of these motions for a new trial, on the other grounds than that on which it was allowed, was conclusive against them, and could not now be reopened,' affirmed the decree. To reverse that judgment this writ of error was brought.
 Thos. B. Gresham, for plaintiffs in error.
 Clifford Anderon, for defendant in error.
 WAITE, C. J.
 
 
 1
 It perhaps sufficiently appears that a determination of the question as to the effect of the discharge in bankruptcy upon the right of Bullard to enforce a lien upon the property in existence at the time of the commencement of the proceedings in bankruptcy was necessarily involved in the decision of the supreme court which is here under review, and that this decision was adverse to the right set up by Long. This being the case, we have jurisdiction, but there cannot be a doubt of the correctness of the decision. By section 5119 of the Revised Statutes the discharge releases the bankrupt only from debts which were or might have been proved, and by section 5075 debts secured by mortgage or pledge can only be proved for the balance remaining due after deducting the value of the security, unless all claim upon the security is released. Here the creditor neither proved his debt in bankruptcy nor released his lien. Consequently his security was preserved not withstanding the bankruptcy of his debtor. McHenry v. La Societe Francaise, 95 U. S. 58; Dudley v. Eastern, 104 U. S. 103; Porter v. Lazear, 109 U. S. 86; S. C. 3 Sup. Ct. Rep. 58. The dispute in the court below was as to the existence of the lien at the time of the commencement of the proceedings in bankruptcy. That depended entirely on the state laws, as to which the judgment of the state court is final and not subject to review here. The setting apart of the homestead to the bankrupt under section 5045 of the Revised Statutes did not relieve the property from the operation of liens created by contract before the bankruptcy. It is not the decree in this case which constitutes the lien on the property, but the conveyance of Long and wife before the bankruptcy.
 
 
 2
 The judgment is affirmed.