WIDENER, Circuit Judge,
concurring and dissenting:
I concur in not dissolving the stay although for somewhat different reasons than those expressed in the majority opinion, which I set forth below. I do not agree, however, that adequate protection is not required for such a lien on personal property, and, as to that much of the opinion, I respectfully dissent.
Under 11 U.S.C. § 541 (all references to code sections are to Title 11, U.S.C.), the automobile became the property of the bankrupt estate when Perry filed his petition in bankruptcy. At that time, § 362(a)(4) automatically stayed “any act to create, perfect, or enforce any lien against property of the estate.” This, of course, included the automobile in question. Perry having claimed the automobile as exempt property under § 522(b)(1), parties in interest had to object or else the property claimed as exempt was to be so considered under § 522(1). No objections having been filed, the property claimed as exempt then passed from the estate into the hands of the debtor. Leg.Hist. p. 5868, 6324.[1] The protection of the stay under § 362(a)(4) terminated at that time in accordance with § 362(c)(1). At that same time, however, § 362(a)(5) separately stayed any act against the property of the debtor, including the automobile, and this is the stay now in effect. 2 Collier on Bankruptcy ¶ 362.-06 (15th ed. 1983).
Any relief from this stay would have to have been provided under § 362(d), which must be either for cause under subsection (1), including the lack of adequate protection of the interest in the property, or if the debtor does not have an equity in the property under.subsection (2)(A).
I agree with the majority opinion that the due on bankruptcy clause in the security agreement should not of itself be cause to terminate the stay, and would not enforce it, at least in this case, because it would be *987 the equivalent of a forfeiture. Surely Congress recognized that most bankrupts have debts overdue, and if a past due debt were cause of itself for relief from a stay preventing a proceeding against the property of a bankrupt, there would be little left to the stay provisions of the Reform Act. I believe, however, the due on bankruptcy clause is one factor that should be considered in ascertaining whether or not to grant relief from a stay such as the one in effect here.
I do not agree with the majority opinion, however, as it implies that relief is not required by § 362(d)(2) to personal property when the debtor loses his equity in the secured property. The statute is explicit on the point:
“... the court shall grant relief from the stay ... such as by terminating, annulling, modifying or conditioning such stay ... with respect to an act against property ... if the debtor does not have an equity in such property.” § 362(d)(2)(A). (emphasis added)
The Legislative History on page 5790 is just as certain:
“The automatic stay by its nature seriously affects the rights of all the debt- or’s creditors. As a result, certain limitations are placed upon the continuance of the stay. Adequate protection in the form of either cash payments or a replacement lien must be provided the creditor whose collateral is decreasing in value or is being consumed during the stay.”
There is no doubt that the debtor has “no equity in such property” and none that the automobile in question is decreasing in value. There is also no doubt that the single bankruptcy judge who first heard this case provided additional protection (which he deemed adequate) by order. In connection with his refusal to terminate the stay, he ordered that payments be brought and kept up to date, that prepaid insurance for six months in advance be kept in force, and that, should the debtor fail to comply, upon five days written notice and presentation of an affidavit the stay would be lifted without further notice, a considerable improvement on the absence of any condition with respect to the stay which presently exists. I think this action initially taken by the individual bankruptcy judge was a sufficient compliance with the adequate protection required by § 362(d).[2] Inexplicably, however, the en banc bankruptcy court vacated this order and did not renew it; neither did the district court renew it. Only because the debtor has nevertheless kept the conditions of the order do I think the stay should not be now lifted. I am of opinion, however, that, as a condition of continuing the stay, the district court should be required to reinstate the order of the individual bankruptcy judge, conditioning a continuance of the stay on the same conditions there ordered. Anything less, I think, is contrary to the explicit direction of the statute and the Legislative History I have referred to above.
One further thing needs mentioning. Our holding that the due on bankruptcy clause in the security agreement is not enforceable extends, of course, only to enforcement proceedings in bankruptcy and not as to its ultimate validity which will have to be determined under state law. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The stay presently in force under § 362(a)(5) remains in force only “until the earliest of — (A) the time the case is closed; (B) the time the case is dismissed; and [obviously meaning or] (C) the time a discharge is granted or denied.” At such time, then, the existing stay will terminate and the bank will be left free to foreclose its lien. At that time, the Legislative History, pages 5862 and 6317, is explicit that the rule of Long v. Bullard, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), is retained. Long specifically approved the foreclosure of a lien of a mortgage on exempt property *988 although the underlying debt had been extinguished in bankruptcy. Neither of the parties has argued Long to us nor have they argued the Legislative History explicitly adopting it, although I suggest both that case and the Legislative History with respect to it are of particular application here. In any proceedings which may result under Maryland law to foreclose the lien of the security instrument at issue in this case, the parties will be able to have determined the validity of the due on bankruptcy clause. While I do not find it necessary to express an opinion on that matter, I note that the Bell case acknowledges the validity of such clauses even in bankruptcy, to some extent at least, for the reason that the creditor’s financial position on the loan has been diminished by the discharge of the personal liability of the debtor for the underlying debt in the bankruptcy action. The trustee in the case at hand has long ago reported that there were no assets to administer in this bankrupt estate. We are told of no exception to that report. Thus, no reason exists why the bankruptcy court should not act immediately to either grant or deny the discharge of Perry. Certainly the bankruptcy laws do not contemplate prolonged proceedings in no asset cases.

. Legislative History references arc to the same volumes of U.S.Codc Congr. and Admin.News referred to in the majority opinion.

. It has not been argued that the bank requests more protection, only that it be allowed to foreclose at once. In that context, I am not prepar-cd to say that the conditions attached to the order of the individual bankruptcy judge were so inadequate as to constitute reversible error.