**In the Matter of Herbert M. OWENS, Debtor.**

**Wiley A. WASDEN III, Trustee, Plaintiff,**

**v.**

**The CITY OF SAVANNAH and Chatham County, Georgia, Defendants.**

Bankruptcy No. 94–41996.
Adversary No. 96–4026.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Nov. 7, 1996.

Wiley A. Wasden, Savannah, GA, for plaintiff.

Herman W. Coolidge, Savannah, GA, for defendants.

## MOTION FOR SUMMARY JUDGMENT

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Trustee, Wiley A. Wasden III (hereinafter "Trustee"), filed this three count adversary proceeding on February 22, 1996, seeking (1) the release of certain liens by taxing authorities, (2) the recovery of payments made in satisfaction of tax liens, and (3) the authority to sell real property of the estate of Herbert M. Owens free and clear of pre and post-petition ad valorem tax liens. These findings of fact and conclusions of law are entered pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

The following facts are not in dispute. On October 31, 1994, Debtor filed the above bankruptcy proceeding as a Chapter 11 case. On August 15, 1995, the case subsequently was converted to a Chapter 7 and soon thereafter, Plaintiff was appointed as the Chapter 7 Trustee.

At the time of filing, Debtor possessed a number of real estate parcels, each secured by a debt deed to at least one mortgage lender and encumbered by statutorily perfected super-priority ad valorem tax liens. During the pendency of this case, many of these mortgage lenders have filed for relief from stay in order to exercise their state law rights and foreclose upon their collateral. After the grant of a motion for relief and prior to foreclosure, it is undisputed that some lenders paid off the tax liens while

others made payments in an amount equal to the tax liens to the Trustee.

In this adversary proceeding, Trustee pursuant to 11 U.S.C. Section 724(b) first requests extinguishment of all tax liens encumbering parcels of real estate for which he has received payment. Trustee also seeks, pursuant to 11 U.S.C. Sections 549 and 550, to recover post-petition pre-foreclosure payments made to the taxing authorities in order to satisfy perfected ad valorem tax liens. Finally, in Count III, pursuant to 11 U.S.C. Section 724(b), Trustee seeks permission to subordinate ad valorem tax liens that have attached post-petition as permitted by 11 U.S.C. Section 362(b)(18). The City of Savannah and Chatham County have objected to the Trustee's Motion and dispute his conclusions of law.

### CONCLUSIONS OF LAW

**I. Trustee prays that the City and the County be required to release their tax liens as to those parcels of real property for which the mortgage lenders have paid to the Trustee an amount equal to the unpaid ad valorem property taxes as assessed against said parcels at the time of such payments.**

▉ In Count I, Trustee requests the release of liens held by the taxing authorities that encumber property of the estate. It is undisputed that some lenders whose loans to Debtor are secured by real property have paid to the Trustee an amount equal to the ad valorem taxes owed. The taxes have not been paid by the Trustee, and the liens of record not released. Trustee alleges that pursuant to 11 U.S.C. Section 724(b) and *In re Forrest Marbury*, 137 B.R. 554 (Bankr. D.D.C.1992), he may collect and retain the amount of these taxes yet require the taxing authorities to release the liens in order to fund the administration of the estate, without selling the property in issue. This issue has been discussed previously in *Wasden v. City of Savannah. et al., (In re Hernandez)*, Ch. 7 Case No. 93–40680, Adv. No. 95–4047, Motion for Reconsideration, slip op. at 3–7 (Bankr. S.D.Ga. May 29, 1996)(Davis, J.). Essentially, this Court held that the Trustee does not have an independent right to collect tax payments and extinguish tax liens pursuant to 11 U.S.C. Section 724(b). Although courts often interpret the term "property of the estate" broadly, Section 724(b) is only a provision that provides for a method of distribution and does not grant the Trustee an independent property right. *See In re Forrest Marbury*, 137 B.R. at 558 ("Section 724(b) is merely a distribution scheme providing for the distribution of property of the estate"). In general, liens pass through bankruptcy unaffected. *See Long v. Bullard*, 117 U.S. 617, 620–621, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). Without an express Code provision, like Section 363(f), which grants a Trustee the authority to sell free and clear of liens if he actually sells the real estate, I hold that the Trustee may not extinguish tax liens merely by accepting payment of the amount of those liens. Therefore, Count I of Trustee's Motion for Summary Judgment is denied.

**II. Trustee prays that the City and County be required to turn over to the Trustee any post-petition payments made by mortgage lenders of Debtor to the City and County in satisfaction of previously unpaid ad valorem property taxes assessed against property of the Debtor at the time his case was converted to a Chapter 7.**

In Count II, Trustee alleges that post-petition payments made to taxing authorities prior to and during foreclosure are property of the estate and, therefore, should be recovered for the benefit of administrative claimants pursuant to 11 U.S.C. Sections 549 and 550. Trustee cites *In re Forrest Marbury*, 137 B.R. at 558, in support of this proposition. It is undisputed that payments from lenders have been made to the taxing authorities subsequent to a Motion for Relief and prior to or during foreclosure. In pertinent part, Section 549(a), entitled "Postpetition Transactions" states,

... [T]he trustee may avoid a transfer of property of the estate—

11 U.S.C. § 549(a). Essentially, Trustee interprets Section 724(b) as creating a property interest of the estate which may be recov-

ered pursuant to Section 549(a). *See In re Forrest Marbury*, 137 B.R. at 558; *In re K.C. Machine & Tool Company*, 816 F.2d 238 (6th Cir.1987). In other words, Trustee contends that any pre-foreclosure post-petition payment of an ad valorem tax lien by a lender effectively "transfers" to the taxing authorities Trustee's Section 724(b) interest—the ability to subordinate tax liens. Trustee contends that this interest is recoverable pursuant to Section 549(a) as a post-petition transfer equal to the amount of the tax payment.

As previously mentioned, Section 724(b) is not an independent grant of a property right to the Trustee. *See Wasden v. City of Savannah, et al. (In re Hernandez)*, Ch. 7 Case No. 93–40680, Adv. No. 95–4047, Motion for Reconsideration, slip op. at 6. Section 724(b) only creates an order of distribution which avoids certain problems of the circuity of liens. *See In re K.C. Machine & Tool Company*, 816 F.2d at 245.

> [Section] 724(b) merely mandates a particular method of distribution of what property is left in debtor's estate at the time of distribution.

*Id.* When considering the scope of Section 724(b), Courts have held that a trustee may assert the benefit derived from Section 724(b) as a defense to a motion for compelled abandonment; however, this holding falls short of recognizing an independent property right that may be recovered pursuant to Section 549(a).

▪ Section 549(a) allows the avoidance only of post-petition transfers of estate property. Section 541 defines property of the estate and is limited to legal and equitable interests of the *debtor*. Because Section 724(b) runs only in favor of a Trustee and not a debtor, by definition, any Trustee power contained in Section 724(b) is not property of the estate, and is not recoverable under Section 549.

▪ In *Forrest Marbury*, the Court appears to hold that any pre-foreclosure payment of a tax lien may be recovered pursuant to Section 549(a). In that case, the Court reasoned that because a lender could conceivably pre-pay a tax lien and extinguish a trustee's 724(b) rights just prior to the sale of property all pre-foreclosure payments of tax liens may be recovered by the trustee whether he sells the real property or not.

> Under the logic of the District's view, a mortgagee could pre-pay a tax lien in advance of any sale and eliminate the trustee's § 724(b) rights even when the trustee is able to sell the property. Such a result would clearly be contrary to the intent of § 724(b).... No one can state as an absolute that the trustee could never have effected a sale.

*In re Forrest Marbury*, 137 B.R. at 556. I am sensitive to the Court's concern in *Forrest Marbury*; however, by assuming that the Trustee could have always sold the property, the *Forrest Marbury* Court effectively grants the Trustee an independent Section 724(b) property right even though later in its order the Court concedes that Section 724(b) is merely a distribution provision. *Id.* at 558. Section 724(b) is a distribution provision and may be asserted as a defense to compelled abandonment; however, it does not create property of the estate. Accordingly, Trustee's Motion to recover post-petition pre-foreclosure payments of tax liens on property he has not and will not sell is denied.[1] Consistent with my holding in Part I, *supra*, I hold that the Trustee does not possess a right to recover post-petition pre-foreclosure payments of tax liens and Court II of Trustee's motion is denied.

**III. Trustee prays for a determination that ad valorem tax liens arising and perfecting post-petition pursuant to the provisions of Georgia law and 11 U.S.C. Section 362(b)(18) and prior to the sale of real property by the Trustee may be stripped pursuant to Section 363(f) and subordinated pursuant to Section 724(b).**

In 1994, Congress amended the Bankruptcy Code to include Section 362(b)(18), effec-

---

1. Any Section 724(b) power that the Trustee may have is provisionally waived upon the grant of stay relief. When foreclosure occurs pursuant to that relief, the Section 724(b) power is extinguished. On the other hand, if the Trustee elects to sell the property, he may utilize the distribution scheme of Section 724(b). Since he did not, Section 724(b) will not govern the distribution of the proceeds.

**754**

tive for all proceedings commenced after October 22, 1994.[2] In pertinent part, that section states,

> (b) The filing of a petition ... does not operate as a stay—
>
> (18) ... of the creation or perfection of a statutory lien for an ad valorem property tax ... if such tax comes due after the filing of the petition.

This amendment overruled the Second Circuit decision of *In re Parr Meadows*, 880 F.2d 1540, *cert denied*, 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990) which held that the automatic stay prevents local governments from attaching a statutory tax lien to property of the estate, effectively granting a windfall to secured creditors whose interests would otherwise be subordinate to these tax liens. *See In re Fischer*, 184 B.R. 41, 45, fn. 4 (Bankr.M.D.Tenn.1995). Trustee alleges in Count III that he intends to sell certain real property and requests a determination that upon a sale pursuant to Section 363(f) he may subordinate the taxing authorities' claims attaching to proceeds pursuant to Section 724(b). Previously, these tax lien claims

received an administrative priority status. Because of the addition of Section 362(b)(18) they now are afforded a secured position.

After reviewing the language of Section 724(b), which does not distinguish between tax liens created before or after the petition date, I hold that perfected postpetition tax liens may be subordinated, after a sale free and clear of liens, in a manner similar to pre-petition tax liens.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Trustee's Motion for Summary Judgment is denied as to Counts I and II and granted as to Count III.

---

**2.** Bankruptcy Reform Act of 1994, Pub.L.No. 103–394, § 401, 108 Stat. 4106, 4141 (1994).