In re Michael GRIFFIN and Moreen Griffin, Debtors.

Michael GRIFFIN, Plaintiff,

v.

SEARS, ROEBUCK AND COMPANY, Defendant.

Bankruptcy No. 94–10046.

Adv. No. 95–1154.

United States Bankruptcy Court, D. Rhode Island.

Jan. 21, 1997.

Christopher Lefebvre, Pawtucket, RI, for Debtors/Plaintiff.

Clinton L. Poole, Providence, RI, for Defendant.

## DECISION AND ORDER AWARDING SANCTIONS FOR VIOLATION OF DISCHARGE INJUNCTION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on August 19, 1996, on the Debtor, Michael Griffin's Complaint against Sears, Roebuck and Company for violation of the discharge injunction, 11 U.S.C. § 524(a), wherein it is alleged that Sears filed a state court complaint seeking money damages, interest, and costs from the Debtor on a debt that has been discharged. At the close of the hearing, the parties were asked to file supplemental memoranda addressing the issue of the extent of the rights of a creditor, post-discharge, if the goods in which it has a security interest are converted, and they have complied. Upon consideration of the undisputed facts and the applicable law, we find that Sears has violated the § 524 discharge injunction and that sanctions are appropriate in this case.

### FACTS

On January 10, 1994, Michael and Moreen Griffin ("Griffin") filed a joint Chapter 7 petition and listed Sears as one of their creditors. On January 13, 1994, a "Notice of Commencement of Case and Meeting of

Creditors" was sent to all creditors, including Sears, and on February 1, 1994, the Section 341 meeting was held, with both Debtors and a representative of Sears in attendance. Suggesting that its revolving credit accounts are secured by the consumer items purchased,[1] the Sears' representative inquired of Griffin as to his intentions regarding the goods in question. The Debtor stated that he was still in possession of the goods and advised that he did not intend to reaffirm his debt with Sears. In addition, the Debtor did not file a Statement of Intention pursuant to 11 U.S.C. § 521(2)(A)[2] regarding the property. No further action was taken in this Court by Sears, and on April 5, 1994, no objections having been filed, a Discharge Order was entered in favor of Michael Griffin and his co-Debtor spouse. A copy of said order was sent to all creditors, including Sears.

On May 25, 1995, Sears filed a Complaint in the Sixth Division District Court against Michael Griffin, entitled "Complaint for replevin *and/ or damages,*" seeking the following relief: "1. Replevin of the goods. 2. Damages in the event defendant has disposed of, converted, destroyed or damage [sic] the goods. 3. *Interest and costs.*" (Emphasis added.) Griffin was served with the summons and complaint on August 9, 1995. In response to Sears' state court action, Griffin filed a motion to reopen his bankruptcy case, which was granted on September 7, 1995, and on October 2, 1995, he filed the instant adversary proceeding against Sears, alleging a violation of the discharge injunction.

### DISCUSSION

■ 11 U.S.C. § 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an ac-tion, the employment of process, or an act, to collect, recover or setoff any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." "The purpose of the injunction is to ensure the debtor's fresh start and eliminate any doubt that the discharge is a total prohibition of debt collection efforts against the debtor personally for pre-petition debts." *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 365–66 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978). It is also clear, however, that a discharge in bankruptcy does not affect the rights of secured creditors, *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), and that valid, perfected liens pass through bankruptcy unaltered.

> Regarding the propriety of postdischarge actions which assert pre-petition liens not previously avoided, there is little doubt that such actions are permissible *only* to the extent they seek recovery of the creditor's property upon which it has a valid lien and payment of its debt from the collateral securing the lien; such actions cannot go further and attempt *in any way* to seek a deficiency judgment and assert any ongoing personal liability of a debtor for such remaining unsecured claim resulting from liquidation of collateral.

*Martin v. AVCO Fin. Servs. (In re Martin),* 157 B.R. 268, 274 (Bankr.W.D.Va.1993).

In the instant case, Griffin and Sears argue at length over the effect of conversion of the secured property, and the remedies available to the secured creditor in the event of such an act by the debtor.[3] We do not think it is necessary to engage in that analysis to resolve this controversy.

■ It is undisputed that Sears had knowledge of the Debtor's bankruptcy and that the Debtor had been granted a discharge. In fact, Sears' state court complaint

---

**1.** This is an issue upon which there is not unanimity of opinion in the First Circuit.

**2.** 11 U.S.C. § 521(2)(A) states:
   (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
      (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, ... the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.

**3.** The issue of conversion is disputed.

includes an allegation that "Defendant has filed bankruptcy in the United States Bankruptcy Court, District of Rhode Island under BK No. 94–10046 and was discharged in bankruptcy on or about April 5, 1994." *See* Complaint C.A. No. 95–7563, May 25, 1995. There is no allegation of conversion in the body of the complaint, and the only mention of conversion appears after the "wherefore clause," in the Plaintiff's concluding prayer for relief. The Complaint seeks relief beyond replevin of the goods, and demands judgment for "interest and costs" against the Debtor on account of debt that has been discharged. Sears now characterizes this language as a request for interest and costs "stemming from the conversion only." We refuse to entertain such a reading of the Complaint, since conversion is not even alleged as a cause of action in the Complaint.

The conclusion is inescapable, based on the record before us, that Sears violated the discharge injunction by filing a State Court action seeking, *inter alia,* money damages, and that Sears' oblique reference to conversion in the prayer for relief is an impermissible fall-back effort to support its attempt to collect money from the Debtor on a discharged debt. With full knowledge of the bankruptcy, Sears intentionally chose to wait until the entry of discharge and the expiration of the automatic stay, *see* 11 U.S.C. § 362(c), and then to walk a very fine line in the enforcement of its pre-petition contract with the Debtors. In doing so, it has clearly gone beyond what is permissible, and we also find, under the circumstances, that an award of sanctions is appropriate for violation of the discharge injunction. Accordingly, Sears is ORDERED to pay the reasonable attorney fees and costs of the Debtor incurred in re-opening the bankruptcy case, in filing the instant adversary proceeding, and defending the State Court complaint. Debtors' counsel has thirty (30) days to file his bill for services and expenses, and Sears has ten (10) days thereafter within which to pay. If the parties cannot agree as to the reasonableness of the sanction, the Court will schedule a hearing.

Enter Judgment consistent with this opinion.