T.C. Memo. 1998-263


UNITED STATES TAX COURT


DONNA M. NEIGHBORS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27654-96.                    Filed July 20, 1998.


David W. Freese, for petitioner.

Lisa M. Oshiro, for respondent.


MEMORANDUM OPINION


LARO, Judge:  This case was submitted to the Court fully
stipulated.  See Rule 122.  Petitioner petitioned the Court to
redetermine respondent's determination of a $20,488 deficiency in
her 1991 Federal income tax and a $4,098 accuracy-related penalty
under section 6662(a).  We must decide whether petitioner
realized a $92,388 gain on the sale of her personal residence

(the residence).  We hold she did.  We also must decide whether petitioner is liable for the accuracy-related penalty for negligence determined by respondent.  We hold she is.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the subject year.  Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

## Background

All facts are stipulated.  The stipulations of fact and the exhibits submitted therewith are incorporated herein by this reference.  Petitioner resided in Edmonds, Washington, when she petitioned the Court.  She purchased the residence during 1968, and she sold the residence on March 6, 1991.

On or about January 19, 1987, petitioner commenced a bankruptcy proceeding (the proceeding) under Chapter 7 of the Bankruptcy Code, listing First Nationwide Bank (the Bank) as one of her creditors; the Bank was the initial mortgagee on the residence.  When the proceeding began, the residence was worth $103,000, and petitioner owed the Bank $84,290 on the note (the Note) underlying the mortgage.  On April 28, 1989, petitioner received a discharge of debt under 11 U.S.C. sections 523 and 727.  Included in this discharge was her personal obligation to pay the Bank the amount of the Note.

On March 6, 1991, petitioner sold the residence for $131,737; her basis in the residence was $38,000.  First

Northwest, the assignee of the Note and mortgage, received $86,300 of the sales proceeds in satisfaction of the Note, and other proceeds of the sale were used to pay some of petitioner's liabilities. One of these liabilities was $1,349 of legal fees which were incurred in connection with the sale. Petitioner received $18,651 of the sales proceeds, exclusive of amounts paid on her behalf.

Petitioner filed a 1991 Form 1040, U.S. Individual Income Tax Return. Included therewith was a 1991 Form 2119, Sale of Your Home, which reported that petitioner realized a $93,737 gain on the sale of the residence and that she would be purchasing another residence within the "replacement period" in order to defer the gain. Petitioner computed her gain by subtracting her $38,000 basis in the residence from its selling price of $131,737.

Petitioner did not replace the residence within the "replacement period". On or about August 28, 1996, petitioner amended her 1991 Form 1040 by filing Form 1040X, Amended U.S. Individual Income Tax Return. The Form 1040X reported that the selling price of the residence was $29,402, that petitioner's basis therein was zero, and that her gain on the sale was $29,402.

Respondent determined that petitioner realized a $93,737 gain on the sale of the residence and that this gain was taxable in 1991. Respondent asserts in brief that the determination of

petitioner's gain should take into account the legal expenses of $1,349, and that petitioner's gain is $92,388.

## Discussion

Petitioner argues that she had a gain of $29,402 on the sale. Petitioner cites no case law to support her argument, but relies mainly on her interpretation of selected provisions of the Internal Revenue and Bankruptcy Codes. The gist of petitioner's argument is that the amount of the Note is not included in the amount realized on the sale because she was discharged from liability on it. Petitioner does not explain the computation of her proffered $29,402 gain, but we surmise it represents the sum of the following items: (1) Legal fees of $1,349, (2) settlement proceeds of $18,651 received by petitioner at settlement, and (3) $9,402 that was paid at settlement to discharge a Federal tax lien on the residence. Petitioner does not explain the $16,035 difference between the $131,737 selling price and the $115,702 amount that we derive from adding petitioner's proffered gain of $29,402 to the $86,300 that was paid at settlement in order to satisfy the Note.

We reject petitioner's argument. Petitioner does not dispute the fact that her gross income for 1991 includes her gain on the sale, see sec. 61(a)(3), or that her gain must be recognized in 1991, see sec. 1001(c). Nor does she dispute the fact that her gain is computed by subtracting her adjusted basis in the residence from the amount realized on its sale. See sec.

1001(a). Petitioner disputes whether the amount of the Note is included in the amount realized, given the fact that she was not personally liable on it.

The amount of the Note is included in the amount realized on the residence's sale. The amount realized on a sale is computed by adding the amount of money received to the fair market value of other property received. Sec. 1001(b). Any liability, let it be recourse or nonrecourse, that attaches to the subject property is included in the amount realized to the extent that the liability is discharged by the sale. Crane v. Commissioner, 331 U.S. 1, 12-14 (1947); sec. 1.1001-2(a)(1), Income Tax Regs. As to the Note, the amount thereof is included in the amount realized because, even though petitioner was not personally liable on it at the time she sold the residence, First Northwest had a legally enforceable right to receive, and actually did receive, proceeds from the sale equal to the amount that it was owed under the Note. In re Isom, 901 F.2d 744 (9th Cir. 1990); see also Long v. Bullard, 117 U.S. 617 (1886).

In sum, the amount realized on the sale of the residence was $131,737, and petitioner's basis therein was $38,000. Given the additional fact that petitioner may take into account the $1,349 of legal fees, we hold that petitioner realized, and must recognize in 1991, a gain of $92,388 on the residence's sale.

As to the accuracy-related penalty, petitioner has not addressed this issue on brief. As applicable herein, section

6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence, and petitioner will avoid this charge only if the record shows that she was not negligent; i.e., she made a reasonable attempt to comply with the provisions of the Internal Revenue Code, and she was not careless, reckless, or in intentional disregard of rules or regulations. Sec. 6662(c); Drum v. Commissioner, T.C. Memo. 1994-433, affd. without published opinion 61 F.3d 910 (9th Cir. 1995); see also Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991) (negligence defined as a lack of due care or a failure to do what a reasonable and prudent person would do under similar circumstances), affg. 92 T.C. 1 (1989). Because the record does not show that petitioner was not negligent, we sustain respondent's determination on the applicability of this penalty.

In reaching our holdings herein, we have considered all arguments by petitioner for contrary holdings, and, to the extent not discussed above, find those arguments to be irrelevant or without merit. To reflect respondent's concession,

Decision will be entered under Rule 155.