DECISION AND JUDGMENT ENTRY
This is an appeal from a May 23, 2000 decision of the Lucas County Court of Common Pleas, Probate Division, to grant a motion to dismiss filed by appellee Beneficial Mortgage of Ohio ("the mortgage company") and finding that a motion for sanctions filed by appellant, Larry N. Morgan, was moot. Appellant has filed a pro se brief in which he ostensibly presented three assignments of error. However, each assignment of error is the same, only the arguments presented in support of the assignment differ.
The assignment of error offered by appellant to support three separate arguments is:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION TO THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."
Appellant offers three brief arguments in support of this same assignment of error. Before we consider the arguments presented by the parties relating to the three issues, we will first review the relevant facts and proceedings of this case.
On October 28, 1998, appellee Linda Honaker ("executrix") filed an application to probate the will, of her deceased mother, Roberta G. Morgan, fka Roberta G. Honaker. The accompanying documentation showed that the deceased had a surviving spouse, appellant, and four surviving adult daughters, including appellee Linda Honaker. The probate court filed an entry admitting the will to probate and granting Linda Honaker authority to act as executrix of the estate.
The executrix then proceeded to do all the necessary steps to complete an appraisal of the assets of her mother's estate, and to file a schedule of assets. On January 29, 1999, a citation was issued to appellant, as the surviving spouse, to make an election to take under or against the will. Appellant filed an election to take against the will on February 26, 1999. Appellant subsequently filed a document titled "Application for Real Estate" in which he asked that the probate court order the distribution to him of real estate located in Springfield, Clark County, Ohio that was part of the decedent's estate, in lieu of a cash payment for his portion of the estate. Appellant acknowledged in his application that the property was subject to one lien, held by the mortgage company. He also acknowledged that the lien was the subject of a case in the Clark County Court of Common Pleas. However, he argued that the mortgage company could not be awarded a judgment against the property in question because: "This mortgage company has been through the bankruptcy Court in Toledo Ohio [sic] and failed to have an award from that Court and thus have [sic] no legal standing to ever be awarded a judgment against property."
The executrix filed a response to the application for real estate filed by appellant. She argued that appellant's application should be denied because: 1) the real estate he requested was already the subject of a foreclosure action in the Clark County Court of Common Pleas, so title to the real estate could not be transferred except to a bona fide purchaser for value with all liens, mortgages and taxes paid in full; 2) unless the real estate is sold, there are not enough other assets in the estate to pay obligations that have priority over appellant's claim of a spousal allowance for support; 3) because appellant has elected to take against the will, he is subject to statutory provisions that establish the priority of payment of creditor claims, and the allowance for support, found in R.C. 2106.13 is considered a preferred debt that must be deducted before determining the elective share; and 4) the elective share is made from the net estate, not the gross estate. The executrix also argued that due to appellant's failure to purchase the real estate in question, make payments on the mortgage or cooperate in listing the property for sale, the foreclosure action was filed. She said that appellant had lived in the property free for more than a year since the decedent died, and he is now subject to a requirement to pay the estate rent. Finally, she said that the estate now has a valid claim against him for the loss suffered by the estate due to the foreclosure on the property and for the loss of rental income after his free year of residency passed. She concluded that in any event appellant's request could not be granted until the foreclosure suit was resolved.
The mortgage company also filed a response, in the form of a motion to dismiss appellant's application for real estate. The mortgage company argued that the probate court did not have jurisdiction to consider appellant's application for real estate because the Clark County Court of Common Pleas had already assumed jurisdiction over the property in the foreclosure case.
The mortgage company said that since the court of common pleas first acquired jurisdiction, the probate court could not interfere with the jurisdiction of the court of common pleas. To support its motion to dismiss, the mortgage company attached documents to its motion to dismiss to show that the estate and all heirs of the deceased had been named in the foreclosure action, and that appellant had filed an answer in the foreclosure case.
On February 9, 2000, the probate court filed a judgment entry noting that the mortgage company filed a motion to dismiss. The probate court granted all parties until March 6, 2000 to file any responsive pleading to the motion to dismiss.
On February 18, 2000, appellant filed a motion for sanctions. He asked the probate court to sanction the attorney for the mortgage company for filing a motion to dismiss. He argued that the motion was a "sham motion pursuant to Civil Rule 11." He asked for an oral hearing so he could produce more evidence to prove the court should order sanctions.
In a separate response, appellant asked the probate court to deny the mortgage company's motion to dismiss. Appellant again argued that the mortgage company had no legal standing.
On May 23, 2000, the trial court filed a judgment entry relating to the mortgage company's motion to dismiss and to appellant's motion for sanctions. The court said:
 "This matter comes before the court upon the Motion to Dismiss Application for Real Estate filed by Beneficial Mortgage of Ohio on February 9, 2000.
 "The Court after careful consideration, finds said motion to be well-taken and hereby grants same. Further, the Court finds the Motion for Sanctions filed by Larry N. Morgan, pro se on February 18, 2000 be found moot in light of the above ruling.
"It is so ORDERED."
Appellant then filed this appeal.
The first argument appellant presents in support of his one assignment of error is that the trial court erred when it did not hold a hearing before it granted the mortgage company's motion to dismiss appellant's application for real estate. The executrix and the mortgage company both respond that the probate court was correct to grant the motion to dismiss without a hearing because the probate court did not have jurisdiction to consider appellant's application for real estate, since a foreclosure action on the subject property was already pending in the Clark County Court of Appeals.
Ohio courts have long acknowledged that in Ohio, probate courts and the general division of courts of common pleas have concurrent jurisdiction relating to "`an action to foreclose a mortgage on the real estate of a deceased mortgagor of whose estate an administrator or executor has been appointed and qualified, when it is necessary to sell the real estate to pay decedent's debts, and the court which first acquires jurisdiction thereof retains it to the exclusion of the other.'" Govt. Natl. Mtge.Assn. v. Smith (1971), 28 Ohio App.2d 300, 301-302. In this case, all of the parties, including appellant, acknowledged to the trial court that the Clark County Court of Common Pleas had first acquired jurisdiction over the real estate mortgage in question because a foreclosure on the mortgage was already pending in that court when appellant filed his application for real estate in the probate court. The probate court therefore did not err when it granted the motion to dismiss, because it could not assume jurisdiction where the jurisdiction of the Clark County Court of Common Pleas was already invoked. Id. at 301-302.
In support of his second argument relating to his assignment of error, appellant argues that the probate court erred when it failed to hold a hearing on his motion for sanctions. The mortgage company responds that under Ohio statutory law a court is only obligated to hold a hearing before it imposes sanctions. If no sanctions are warranted, no hearing is required before the motion for sanctions is denied. R.C. 2323.51(B)(2).
The Eighth District Court of Appeals recently noted:
 "No hearing is required before the court denies a motion for sanctions if the court finds no basis for imposing sanctions." Cowan v. Flament (Mar. 30, 2000), Cuyahoga App. No. 76900, unreported. (Citing Dickens v. General Accident Ins. Co.
(1997), 119 Ohio App.3d 551, 554."
In this case, the probate court determined that the motion for sanctions was moot, after granting a motion to dismiss appellant's application for real estate. Appellant's motion for sanctions was supported by his assertion that counsel for the mortgage company had no valid basis in law for filing the motion to dismiss. The probate court's ruling granting the motion to dismiss was a refutation of appellant's contention that there was no valid basis in law for filing the motion to dismiss. The probate court was therefore under no obligation to hold a hearing before it in effect denied the motion for sanctions by finding the motion was rendered moot.
In support of his third argument relating to his sole assignment of error, appellant argues that the probate court erred when it did not grant him his application for real estate. He argues that he is entitled to the real estate in question as his allowance for support of a surviving spouse.
As we explained in our discussion of appellant's first argument, the probate court could not assume jurisdiction over the real estate in question when the foreclosure action was already pending in the Clark County Court of Common Pleas. Accordingly, the probate court did not err when it dismissed appellant's application for the real estate. We therefore find it unnecessary to further consider the alternate arguments presented by the executrix and concurred in by the mortgage company showing that even if the probate court could have assumed jurisdiction, appellant would not be entitled to the real estate because the estate does not have sufficient assets to pay estate obligations without a sale of the real estate.[1]
Because we find no merit to any of appellant's three arguments presented in support of his assignment of error, we find appellant's sole assignment of error is not well-taken and is denied. The judgment of the Lucas County Court of Common Pleas Probate Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] To the extent that appellant seemed to be relying upon an argument in the trial court that the mortgage is no longer enforceable because of the discharge the original mortgagors obtained in bankruptcy court, we note the following statement made by the United States Supreme Court:
 "A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. See 3 R. Powell, The Law of Real Property P467 (1990). A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. See 11 U.S.C. § 727. However, such a discharge extinguishes only `the personal liability of the debtor.' 11 U.S.C. § 524 (a)(1). Codifying the rule of Long v. Bullard, 117 U.S. 617, 29 L.Ed. 1004, 6 S.Ct. 917
(1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. See 11 U.S.C. § 522 (c)(2); Owen v. Owen, 500 U.S. 305, 308-309, 114 L.Ed.2d 350, 111 S.Ct. 1833 (1991); Farrey v. Sanderfoot, 500 U.S. 291, 297, 114 L.Ed.2d 337, 111 S.Ct. 1825 (1991); H.R. Rep. No. 95-595, supra, at 361." Johnson v. Home State Bank (1991), 501 U.S. 78, 83. See, also, Seabrooke v. Garcia (1982), 7 Ohio App.3d 167, 168; Markle v. Wayne Savings Loan Co. (Jun. 29, 1999), Ashland App. No. 98-COA-01274, unreported.