Argued and submitted September 29; reversed and remanded for further proceedings as to defendant Raymond L. Reed, otherwise affirmed November 30, 2016; petition for review dismissed March 17, 2017 (361 Or 240)

## BAYVIEW LOAN SERVICING, LLC,
*Plaintiff-Appellant,*

*v.*

Raymond L. REED,
aka Raymond Lewis Reed;
and Maria Carmen Reed,
aka Maria Del Carmen Reed,
aka Marie Carmen Reed,
*Defendants-Respondents,*

*and*

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
Successor in Interest by purchase from
the Federal Deposit Insurance Corporation
as receiver of Washington Mutual Bank; et al.,
*Defendants.*

Raymond L. REED,
aka Raymond Lewis Reed;
and Maria Carmen Reed,
aka Maria Del Carmen Reed,
aka Marie Carmen Reed,
*Counterclaim Plaintiffs,*

*v.*

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
its Successors in Interest and/or assigns,
*Counterclaim Defendant.*

Washington County Circuit Court
C134056CV; A159598

385 P3d 1272

John M. Thomas argued the cause for appellant. With him on the briefs was RCO Legal, P.C.

Steven C. Burke and Case & Dusterhoff, LLP, filed the brief for respondents.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## LAGESEN, J.

Defendants Raymond and Maria Carmen Reed borrowed money from a bank, executing a personal promissory note and a trust deed on their residence to secure that payment obligation. They later defaulted on the loan. In addition, Raymond—but not Maria Carmen—filed for bankruptcy and obtained a discharge of his obligation on the promissory note. Plaintiff, who is the current holder of the note, then initiated this judicial foreclosure proceeding against defendants seeking to foreclose the trust deed. In the complaint, plaintiff explained that it did *not* want a money judgment against Raymond personally, only foreclosure of the trust deed: "Due to the Bankruptcy Discharge Order for Raymond, Plaintiff is not seeking a money judgment against defendant Raymond L. Reed, but rather it seeks a judgment of foreclosure against any and all right title, and interest he has or claims in the property." Notwithstanding plaintiff's disclaimer of a money judgment remedy against Raymond, the court reasoned that ORS 88.010(1) (2013), *amended by* Oregon Laws 2015, chapter 291, section 4,[1] *required* the court to enter a money judgment against Raymond personally, thereby making it impossible for the court to enter a foreclosure judgment against Raymond without violating the bankruptcy discharge. The court granted summary judgment to Raymond on that basis and entered a limited judgment dismissing Raymond from the case. Thereafter, the court entered a general judgment of foreclosure against Maria Carmen that included a money judgment against her for the amounts due on the loan, interest, costs and attorney fee, and then later entered a supplemental judgment awarding attorney fees to Raymond. On plaintiff's appeal from

---

[1] ORS 88.010(1) (2013) provides, in relevant part:

"Except as otherwise provided by law, a lien upon real or personal property, other than that of a judgment, whether created by mortgage or otherwise, must be foreclosed, and the property adjudged to be sold to satisfy the debt the lien secures, by bringing suit. Except as provided in ORS 88.103, in addition to judgment of foreclosure and sale, if the lien debtor or another person, as principal or otherwise, has given a promissory note or other personal obligation for payment of the debt, the court also shall enter judgment for the amount of the debt against the lien debtor or other person."

Except as otherwise expressly noted, references to ORS 88.010 are to the 2013 version of the statute.

those three judgments,[2] we conclude that ORS 88.010(1) did not require the court to enter a money judgment against Raymond when plaintiff did not ask for one and that, as a result, the bankruptcy discharge did not bar the foreclosure of the trust deed as to Raymond. We therefore reverse and remand for further proceedings as to Raymond.

We start by observing that, under controlling precedent from the United States Supreme Court, the bankruptcy discharge only discharged Raymond's personal liability on the note, and did not operate, in and of itself, to bar foreclosure of the trust deed:

> "A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from obtaining a discharge in [bankruptcy]. However, such a discharge extinguishes *only* 'the personal liability of the debtor.' 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 US 617, 6 S Ct 917, 29 L Ed 2d 1004 (1886), the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives and passes through the bankruptcy."

*Johnson v. Home State Bank*, 501 US 78, 82-83, 111 S Ct 2150, 115 L Ed 2d 66 (1991) (emphasis in original; some internal citations omitted). Thus, as a matter of federal law, the bankruptcy discharge does not preclude plaintiff from proceeding *in rem* against the property securing the note by foreclosing the trust deed; it only bars plaintiff from seeking to obtain a money judgment against Raymond personally. In other words, as the parties appear to agree, if there is a way for plaintiff to foreclose the trust deed without obtaining a money judgment against Raymond personally, the

---

[2] Plaintiff seeks reversal of the limited judgment dismissing Raymond from the case, and of the supplemental judgment awarding attorney fees to Raymond. As to the general judgment, plaintiff does not contend that the trial court erred in its disposition of the case as to Maria Carmen, but requests that the judgment be reversed to the extent that it failed to foreclose Raymond's interest in the property.

bankruptcy discharge does not bar this foreclosure proceeding as to Raymond.

What the parties dispute is whether Oregon law permits plaintiff to foreclose the trust deed in a way that does not violate the bankruptcy discharge. Specifically, the parties disagree as to whether Oregon law permits plaintiff to foreclose the trust deed without obtaining a money judgment against Raymond personally. As we understand it, their disagreement centers on ORS 88.010.[3] It provides, in relevant part, that, in a foreclosure proceeding, with exceptions not applicable here, "in addition to the judgment of foreclosure and sale, if the lien debtor or another person, as principal or otherwise, has given a promissory note or other personal obligation for the payment of the debt, *the court also shall enter a judgment for the amount of the debt against the lien debtor or other person.*" ORS 88.010(1) (emphasis added). Raymond argues that the italicized wording *requires* a foreclosure court to enter a money judgment against a foreclosure defendant even where, as here, the foreclosure plaintiff disclaims any entitlement to such a money judgment because of the defendant's discharge in bankruptcy. Raymond argues further that, because such a money judgment is prohibited by a bankruptcy discharge, it is legally impossible under Oregon law for plaintiff to foreclose the

---

[3] In 2015, the legislature amended ORS 88.010 to specify that a foreclosure court must include a money judgment in a foreclosure judgment only when "the plaintiff in the complaint asks the court for a money award in the judgment." Those amendments were effective upon passage. Or Laws 2015, ch 291, §§ 4, 7. The legislature did so at the request of the Oregon State Bar ("OSB") Debtor-Creditor Section, which proposed the amendment to ORS 88.010 and related provisions to clarify that *in rem* foreclosure relief is available under Oregon law. Testimony, Senate Committee on Judiciary, SB 368, Feb 4, 2015, Ex 8 (written statement of Patrick Wade on behalf of the OSB Debtor-Creditor Section). The staff measure summary explained that amendments to the judgment statutes in 2003 and 2008 had led to unintended interpretations of the statutes governing foreclosure proceedings. Staff Measure Summary, Senate Committee on Judiciary, SB 368, Feb 4, 2015. The measure took effect on June 8, 2015, one month after the trial court entered the limited judgment in this case, and, by its terms, applies to all foreclosure suits initiated or pending on or after that date. Notwithstanding the legislature's intent that the amendments apply to all "pending" foreclosure proceedings, neither party has suggested that we should apply the amended statute on appeal. For that reason, we evaluate whether the trial court correctly construed the 2013 version of ORS 88.010(1) in granting summary judgment to Raymond, although, as we note later, the 2015 amendments will govern this case on remand.

trust deed without violating the bankruptcy discharge, entitling him to dismissal of the foreclosure suit against him. Plaintiff urges an alternative reading of the statute, contending that it requires the entry of a money judgment against a lien debtor only when a plaintiff seeks to enforce a monetary obligation against the debtor personally, but does not require entry of such a judgment when a plaintiff seeks only to foreclose and does not seek a judgment imposing personal liability on the debtor.

So framed by the parties' arguments, the question is whether ORS 88.010(1) requires the entry of a money judgment in a foreclosure proceeding against a lien debtor who has given a promissory note where, as here, the plaintiff expressly disclaims that remedy. Considering the text of that provision in the context of the case law construing it, *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), we conclude that the answer to that question is no.

When the text of ORS 88.010(1) is considered outside of its historical context, Raymond's argument is plausible. The text states unequivocally that, if a lien debtor has given a promissory note in connection with a loan secured by a lien, "the court also shall enter a judgment for the amount of the debt against the lien debtor or other person." ORS 88.010(1). That phrasing of the court's obligation to enter a money judgment gives rise to the possibility that the legislature intended for a foreclosure court to enter such a judgment, even where the plaintiff did not request it and even where such a judgment would be prohibited by law, by virtue of a bankruptcy discharge or otherwise, as is the case here.

The context of ORS 88.010(1), however, refutes that possibility. *See Young v. State of Oregon*, 161 Or App 32, 35-36, 983 P3d 1044, *rev den*, 329 Or 447 (1999) (explaining that context of statute includes prior enactment, prior judicial interpretations, and historical context). The provision has been a part of Oregon law, in more or less the same form, since 1862. *Compare Wright v. Wimberly*, 94 Or 1, 5-6, 184 P 740 (1919), *with Merrill Lynch Commercial Finance Corp. v. Hemstreet*, 261 Or App 220, 229-30, 323 P3d 361, *rev den*, 355 Or 703 (2014) (providing the text of the statute).

As originally enacted, it provided that, in a suit to foreclose a lien,

> "if it appear that a promissory note or other personal obligation for the payment of the debt has been given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also decree a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary decree for the recovery of money."

Lord's Oregon Laws, title VI, ch V, § 422 (1910).[4] At the time that it was enacted, Oregon recognized a distinction between law courts and equity courts. *Merrill Lynch Commercial Finance Corp.*, 261 Or App at 229. As a result of that distinction, a creditor seeking both to foreclose a lien and to obtain a money judgment for any deficiency for amounts unpaid after a foreclosure sale generally would have to pursue two separate proceedings—a foreclosure suit in equity court, and an action on the note in a law court. *Wright*, 94 Or at 8. The predecessor to ORS 88.010(1) "was evidently enacted so as to prevent the maintenance of more than one proceeding for the collection of the debt when resort was had to a court of equity." *Wright*, 94 Or at 8-9. Said another way, the statute operated as a grant of authority to an equity court to enter a money award in favor of a creditor that the equity court otherwise would not have had the authority to enter and was intended to streamline the process for foreclosure and for enforcing a promissory note. There is no indication that, by enacting the provision, the legislature intended that a foreclosure court would force such a monetary award on a foreclosure plaintiff where the plaintiff affirmatively disclaimed that remedy because it was otherwise prohibited by law.

---

[4] The statute was amended in 2003 to change the reference to a "decree for the recovery of money" to a judgment. Or Laws 2003, ch 576, § 345. The amendment was a part of a comprehensive effort by the legislature to change references to "decrees" to "judgments" and to modernize the Oregon Revised Statutes to reflect that Oregon no longer recognizes a distinction between law and equity. Exhibit C, House Committee on Judiciary, HB 2646, Mar 25, 2003 (Oregon Law Commission, Judgments/Enforcement of Judgments (HB 2646)). The wording was revised slightly again in 2013. *See* Or Laws 2013, ch 304, § 12. Nothing indicates that either amendment was intended by the legislature to change the substantive operation of the statute.

In view of that historical context, we conclude that ORS 88.010(1) does not require the entry of a money judgment against a lien debtor where the foreclosure plaintiff does not seek a money judgment against the lien debtor. Because such a money judgment is not required, and because plaintiff here does not seek a money judgment, the bankruptcy discharge does not preclude plaintiff from foreclosing against Raymond. *Johnson*, 501 US at 82-83. The trial court erred in concluding otherwise and, for that reason, we reverse and remand for further proceedings as to Raymond. ORS 20.220(3)(a) (reversal of judgment "to which an award of attorney fees * * * relates" requires reversal of fee award). We note that on remand, further proceedings will be governed by the 2015 amendments to ORS 88.010 and related statutory provisions. 282 Or App at 529 n 3; *see* Or Laws 2015, ch 291, § 6 ("The amendments to ORS 18.862, 18.936, 86.797, 88.010 and 88.060 by sections 1 to 5 of this 2015 Act apply to foreclosure suits that commence *or that are pending* on or after the effective date of this 2015 Act." (Emphasis added.)).

Reversed and remanded for further proceedings as to defendant Raymond L. Reed; otherwise affirmed.